UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUALLIANCE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES BUREAU OF RECLAMATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00878−JLT-EPG<br><br>ORDER FOR SUPPLEMENTAL FILING |

    Plaintiffs in this case challenge a five-year program designed to allow sellers located upstream of the Sacramento/San Joaquin Delta to sell/transfer water to willing buyers south of the Delta (the "Project"). Claims in the case arise under the National Environmental Policy Act, the Endangered Species Act, California Environmental Quality Act, and California's Public Trust Doctrine. Currently pending before the Court are highly complex cross-motions for summary judgment. The Court has been actively working on the pending motions for some time.[1]

    During its review of the record, the Court has become concerned about an issue that may go to its jurisdiction over the controversy. Specifically, Federal Defendants admit that even

---

[1] The Court regrets that the motions in this case have been pending since late 2021, due in part to this Court's judicial resource emergency, but also to enormously time-consuming emergency motions filed in related cases in 2022 and early 2023, as well as to the complexity and sheer volume of the present record.

though the Project spans five years (2019-2024), the Incidental Take Statement issued by the U.S. Fish and Wildlife Service (FWS) under the ESA only provides "incidental take coverage" for two years' worth of water transfers over the five-year period. (Doc. 51 at 13.) Federal Defendants admit that the U.S. Bureau of Reclamation must re-initiate consultation with FWS under the ESA before authorizing any additional years of transfers. (*Id*.) It appears to be undisputed that some transfers were authorized under the Project in 2021. (Doc. 51-1.) However, the present record does not detail whether water transfers took place under the Project after 2021.[2]

If Project-related water transfers have already taken place in two or more years, then the Court is concerned that the ESA document being challenged here is no longer operational. Relatedly, if the ESA document no longer provides incidental take coverage for the Project, it is unclear how additional water transfers could be approved for 2024 without further environmental review. Such factual developments could render this entire controversy moot.

Accordingly, the parties shall meet and confer in the coming days in order to accomplish the following:

(1) **No later than November 15, 2023**, Defendants shall submit a filing that discloses in which years Project-related water transfers have taken place.

(2) If Project transfers have taken place in two or more years, the parties shall also submit a joint status report **no later than November 17, 2023**, that briefly addresses the concerns about mootness articulated above.

(3) Should the parties believe further briefing on the issue of mootness may be helpful, the Court will consider any reasonable joint or separate proposed briefing schedule.

IT IS SO ORDERED.

Dated:   **November 6, 2023**

_____
UNITED STATES DISTRICT JUDGE

---

[2] Judicially noticeable information on the website of the California State Water Resources Control Board suggests that transfers may have been authorized under the Project in 2022. *See* https://www.waterboards.ca.gov/waterrights/water_issues/programs/petitions/transfers.html (last visited Nov. 5, 2023.)

2